UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACY OWENS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN WATER RESOURCES, LLC.,<br>a foreign corporation,<br><br>d/b/a AMERICAN WATER RESOURCES, INC.<br><br>Defendant. | Civil Case No. 3:21-cv-1365<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

Comes now plaintiff, by and through counsel, and for her cause of action against defendant states:

## NATURE OF THE ACTION

In this action, plaintiff alleges gender and race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, under Section 1981 of the Civil Rights Act of 1886 ("Section 1981"), and under the Illinois Human Rights Act ("IHRA"). She further alleges unequal pay on the basis of her gender under the Equal Pay Act of 1963 ("Equal Pay Act").

## PARTIES

1. Plaintiff is an African-American female individual residing in Florissant, Missouri.

2. Defendant American Water Resources, LLC, d/b/a American Water Resources, Inc. ("AWR") is a foreign limited liability corporation doing business within this judicial district.

3. AWR is an employer within the meaning of 42 U.S.C. §2000e(b), 29 U.S.C. § 203(d) and within the meaning of 775 ILCS 5/2-101(B) with more than 500 employees.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action by reason of 28 U.S.C. §§1331 and 1343, because plaintiff, pursuant to 42 U.S.C. §§2000e-5(f)(3) et. seq., 42 U.S.C. §1981 and 29 U.S.C. §§ 206(d)(1), seeks to redress racial and gender discrimination and retaliation she has experienced at the hands of defendant AWR. This Court has supplemental jurisdiction over plaintiff's factually similar claims arising under the IHRA and under Illinois common law pursuant to the Court's supplementary jurisdiction, because those claims arose from the same nucleus of facts. Venue is proper pursuant to 28 U.S.C. §1391 because the acts complained of occurred within the geographical boundaries of the United States District Court for the Southern District of Illinois.

5. On or about March 4, 2021, plaintiff dually filed a timely and proper charge with the Equal Employment Opportunity Commission ("EEOC") and with the Illinois Department of Human Rights ("IDHR") alleging discrimination by AWR based on race, gender and retaliation. On or about August 2, 2021, plaintiff received a Notice of Right to Sue dated July 30, 2021 from the EEOC.

6. Plaintiff filed this action within 90 days from receipt of her Notice of Right to Sue from the EEOC.

**FACTS**

7. Plaintiff was employed by AWR from December 4, 2016 through October 16, 2020 as Director of Call Center Operations in Alton, Illinois for Homeowner Services. Approximately 350

employees, including third party call center staff and a network of contractors) reported, directly or indirectly, to plaintiff.

8. Plaintiff previously worked in Lexington, Kentucky for Kentucky American Water, a State operation of parent company, American Water, for approximately 30 years. After she retired, AWR recruited her for the Alton, Illinois position.

9. At the time plaintiff started with AWR in Alton, she was the first and only African-American employee in management, although approximately three-quarters of her staff was African-American.

10. During the recruitment process the plaintiff was advised of a toxic culture and disgruntled employees. Also when she started in Alton, her employees complained frequently that at AWR there was unethical behavior, unfair treatment, racism and fear of retaliation.

11. In June 2018, AWR purchased a similar company providing homeowner services, Pivotal Home Solutions (PHS).

12. The newly purchased entity was in Naperville, Illinois, a largely Caucasian and Asian suburb outside of Chicago. On information and belief, the workforce was only minimally African-American.

13. Beginning in 2018, plaintiff was tasked with supporting and leading the merger of Alton and Naperville operations.

14. During her approximately four years with AWR, plaintiff consistently received raises and good performance evaluations, including after the purchase of PHS.

15. During her approximately four years with AWR, plaintiff successfully diversified management in Alton by creating a recruiting and hiring process that provided equal access and opportunity.

16. Plaintiff requested a pay equity check to ensure her position was properly leveled and that she was being paid fairly in comparison to white and male employees at her level.

17. Beginning in February 2019, plaintiff raised the deplorable lack of inclusiveness, unfair and unequal treatment, and racial and gender pay equity with AWR upper management, Human Resources and Corporate Compliance. These included:

a. In February 2019, a pay equity check was discussed face-to-face with then HR Director Deb Quigley and VP of Operations Doug Brand. Neither provided a response.

b. A face-to-face meeting in Naperville on September 24, 2019 with O'Hara, expressed concerns that she had not been included in critical decisions as befitted the director and the adverse effects this had on Alton operations, customers and employees.

c. A face-to-face meeting with President Eric Palm and then Human Resource Director, Marshelle Hightower, on October 1, 2019.

d. An informal written complaint dated October 6, 2019; and

e. Email communication with the Director of Human Resources seeking a response and resolution.

AWR did nothing to address her concerns.

18. By July 2019, plaintiff was already experiencing retaliation from raising these complaints, including by the removal of her local Human Resources support.

19. In February 2020, plaintiff filed a formal Ethics Complaint about AWR's lack of racial inclusiveness. O'Hara was a focus of plaintiff's complaint.

20. The investigator assigned to the Complaint was timid and acted inexperienced.

21. Following the filing of her Complaint, plaintiff was retaliated against in numerous ways that adversely impacted her ability to perform her job, including that she was further excluded from communications that directly impacted her job, important staff were moved to Naperville, leaders under plaintiff began getting direction directly from O'Hara, and O'Hara began micro-managing plaintiff's emails and other communications.

22. AWR did not tell plaintiff it had posted her position (but also covering Naperville) on or about July 24, 2020, or that it was eliminating her current title. Plaintiff stumbled on the information by accident. Even then, Human Resources would not confirm that plaintiff's job was being eliminated. O'Hara was to be the final decision-maker for the Director position.

23. AWR told plaintiff on July 27, 2020 that it was unable to substantiate plaintiff's complaint or racial and gender discrimination. This occurred a few days ***after*** AWR posted her job for hiring.

24. AWR did not tell plaintiff she needed to reapply to be considered for the position as Director of Operations. Based on her past history with AWR intentionally not communicating with her, and her well-based fear that it was looking for a reason to terminate her employment in retaliation for the Ethics Complaint, plaintiff nevertheless formally applied for the position on July 30, 2020.

25. Plaintiff was advised on August 28, 2020 that she was not selected for the consolidated Director position and that her last day, yet to be determined, would be soon. O'Hara was the decision-maker for the Director position.

26. Plaintiff's last day was October 16, 2020. She was replaced at AWR by a non- African American male.

27. There were other director-level management employees of AWR who were not required to reapply for their positions, and if their positions were eliminated or consolidated, another position at the same or, in some cases, a higher level was found or created for them.

28. Plaintiff was subjected to a work environment that was pervasively hostile to African-Americans, especially African-American women.

29. On information and belief, plaintiff was the only African-American at the director level in the merged Homeowner Services organization.

30. On information and belief, plaintiff was the only director or manager who was severed as a result of the restructuring.

31. On information and belief, Homeowner Services no longer employs any African-American in senior-level management or higher.

## CLAIMS

## COUNT I: Race and Gender Discrimination under Title VII

32. Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as though fully set forth herein.

33. AWR violated plaintiff's federally protected rights by compensating her at a significantly lower rate than comparable white and male employees. AWR engaged in the referenced unlawful discriminatory practices in violation of 42 U.S.C. § 2000e-2(a).

34. AWR violated plaintiff's federally protected rights by failing to promptly act upon plaintiff's complaints of race and gender discrimination to enforce procedures and remedy race and gender discrimination in the workforce. AWR engaged in the referenced unlawful discriminatory practices in violation of 42 U.S.C. § 2000e-2(a).

35. AWR engaged in the actions described above with malice or reckless indifference to plaintiff's federally-protected rights.

36. As a result of this discrimination, plaintiff has suffered the loss of wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, attorney fees and costs, and other nonpecuniary losses.

**COUNT II: Race and Gender Discrimination under the IHRA**

37. Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as though fully set forth herein.

38. AWR violated plaintiff's state protected rights by compensating her at a significantly lower rate than comparable white and male employees. AWR engaged in the referenced unlawful discriminatory practices in violation of 775 ILCS 5/2-102(A).

39. AWR violated plaintiff's state protected rights by failing to promptly act upon plaintiff's complaints of race and gender discrimination to enforce procedures to prevent and remedy race and gender discrimination in the workforce. AWR engaged in the referenced unlawful discriminatory practices in violation of 775 ILCS 5/2-102(A).

40. As a result of this racial and gender discrimination, plaintiff has suffered the loss of wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, attorney fees and costs, and other nonpecuniary losses.

**COUNT III: Race Discrimination under Section 1981 of the Civil Rights Act of 1866**

41. Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as though fully set forth herein.

42. AWR violated plaintiff's federally protected rights by compensating her at a significantly lower rate than comparable white employees. AWR engaged in the referenced unlawful discriminatory practices in violation of 42 U.S.C. §1981.

43. AWR violated plaintiff's federally protected rights by failing to promptly act upon plaintiff's complaints of race discrimination to enforce procedures and remedy race and gender discrimination in the workforce. AWR engaged in the referenced unlawful discriminatory practices in violation of 42 U.S.C. § 1981.

44. AWR engaged in the actions described above with malice or reckless indifference to plaintiff's federally-protected rights.

45. As a result of this discrimination, plaintiff has suffered the loss of wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, attorney fees and costs, and other nonpecuniary losses.

**COUNT IV: Retaliation under Title VII**

46. Plaintiff incorporates by reference the contained in each of the preceding paragraphs as though fully set forth herein.

47. AWR violated plaintiff's federally protected rights by undermining her authority, taking away the people resources she needed to conduct her job, leaving her out of communications that were necessary for her job, treating her adversely to non-African-American and male employees with regard to the restructuring, and discharging her. AWR engaged in the referenced unlawful discriminatory practices in violation of 42 U.S.C. § 2000e-3(a).

48. AWR engaged in the actions described above with malice or reckless indifference to plaintiff's federally-protected rights.

49. As a result of this retaliatory conduct, plaintiff has suffered the loss of wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, attorney fees and costs, and other nonpecuniary losses.

**COUNT V:  Retaliation under the IHRA**

50. Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as though fully set forth herein.

51. AWR violated plaintiff's state protected rights by undermining her authority, taking away the people resources she needed to conduct her job, leaving her out of communications that were necessary for her job, treating her adversely to non-African-American and male employees with regard to the restructuring, and discharging her. AWR engaged in the referenced unlawful discriminatory practices in violation of 775 ILCS 5/2-102(A).

52. As a result of this retaliatory conduct, plaintiff has suffered the loss of wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, attorney fees and costs, and other nonpecuniary losses.

**COUNT VI:  Retaliation under Section 1981 of the Civil Rights Act of 1866**

53. Plaintiff incorporates by reference the contained in each of the preceding paragraphs as though fully set forth herein.

54. AWR violated plaintiff's federally protected rights by undermining her authority, taking away the people resources she needed to conduct her job, leaving her out of communications that were necessary for her job, treating her adversely to non-African-American employees with regard to the restructuring, and discharging her. AWR engaged in the referenced unlawful discriminatory practices in violation of 42 U.S.C. § 1981.

55. AWR engaged in the actions described above with malice or reckless indifference to plaintiff's federally-protected rights.

56. As a result of this retaliatory conduct, plaintiff has suffered the loss of wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, attorney fees and costs, and other nonpecuniary losses.

**COUNT VII: Violation of the Equal Pay Act**

57. Plaintiff re-alleges and incorporates each of the preceding paragraphs as though fully set forth herein.

58. Defendant knowingly paid Plaintiff at a lesser rate than her male counterparts based solely on her gender although she was performing equal work on jobs which required equal skill, effort and responsibility under the same or similar working conditions. This conduct of Defendant is violative of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

59. As a result of this willful violation of the Equal Pay Act, Plaintiff is entitled to recover an award of back pay pursuant to 29 U.S.C. §§ 206(d)(1) and 216(b), consisting of the difference in the compensation which she earned as a woman and the compensation that she would

have earned for equal work if she had been a man. Plaintiff is further entitled to interest on that back pay award.

60.     As a result of Defendant's violation of the Equal Pay Act, Plaintiff is additionally entitled to recover liquidated damages in an amount equal to the back pay award pursuant to 29 U.S.C. §§ 206(d)(1), 216(b).

61.     Plaintiff is entitled to recover her reasonable attorney fees and costs pursuant to 29 U.S.C. §§ 206(d)(1), 216(b).

**WHEREFORE**, plaintiff prays that the Court enter judgment in her favor and against defendant for its unlawful conduct towards her and award plaintiff the following:

1.   Actual damages, including but not limited to back pay, front pay and benefits;

2.   Prejudgment interest;

3.   Compensatory damages arising from the pain, suffering, humiliation and damage to reputation plaintiff has suffered as a result of defendant's misconduct, including uncapped damages under the IHRA and under Section 1981;

4.   Punitive damages for willful misconduct under Title VII;

5.   Attorneys' fees and costs, including any expert witness fees; and

6.   Such other and further relief as is just and proper.

Respectfully submitted,

**WORKERS RIGHTS LAW FIRM LLC**

/s/ Sherrie A. Hall
Sherrie A. Hall, Mo Bar. #40949 (pro hac vice pending)
2258 Grissom Drive
St. Louis, Missouri 63146
Phone: (314) 824-0348
Fax: (314) 828-1029
sherrieworkersrights@gmail.com

and

**THE BAGSBY LAW FIRM**

/s/ Larry Bagsby
Larry Bagsby, Mo Bar. #37296 (pro hac vice pending)
119 S. Main Street
St. Charles, Missouri 63301
Phone: (636) 244-5595
larrybagsby@aol.com

Attorneys for Plaintiff Stacy Owens